**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

GOBINDER SINGH,

          Petitioner,

   v.

ERIC H. HOLDER, Jr., Attorney General,

          Respondent.

No. 08-72321

Agency No. A074-762-477

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 14, 2010[**]
San Francisco, California

Before: HUG, SKOPIL, and BEEZER, Circuit Judges.

Gobinder Singh ("Singh") is a citizen of India who seeks asylum,

withholding of removal and protection under the United Nations Convention

Against Torture ("CAT"). He claims that he has been persecuted primarily on

account of his affiliation with the Shiromani Akali Dal Amritsar ("SADA") party.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

The immigration judge ("IJ") found Singh not credible. The Board of Immigration Appeals ("BIA") affirmed this decision.

We have jurisdiction pursuant to 8 U.S.C. § 1252. We review the agency's decision only to ensure that the agency's credibility determination is supported by substantial evidence. *Gui v. INS*, 280 F.3d 1217, 1225 (9th Cir. 2002). We deny Singh's petition for review of the BIA's decision.

The facts are known to the parties; we do not repeat them.

The IJ's conclusion that Singh was not credible was supported by substantial evidence. Singh correctly asserts that "minor discrepancies in dates that are attributable to the applicant's language problems or typographical errors and cannot be viewed as attempts by the applicant to enhance his claims of persecution have no bearing on credibility." *Damaize-Job v. INS*, 787 F.2d 1332, 1337 (9th Cir. 1986). When discrepancies regarding a particular date are crucial to an asylum applicant's claim of persecution, however, an IJ may consider them. *Don v. Gonzales*, 476 F.3d 738, 742-43 (9th Cir. 2007). This is particularly true in cases such as Singh's where the inconsistent date "involved the very event upon which [the applicant] predicated his claim for asylum." *Id.* at 741 (citing *Chebchoub v. INS*, 257 F.3d 1038, 1043 (9th Cir. 2001)).

The IJ properly found that there were inconsistencies regarding crucial dates,

2

as well as other inconsistencies.  Singh claimed that the Indian authorities imputed to him an anti-government political opinion because of the activities of his brother.  Evidence of his brother's past persecution is admissible for such a purpose.  *Sangha v. INS*, 103 F.3d 1482, 1489 (9th Cir. 1997).  But Singh's testimony regarding his brother's alleged political activities and resulting persecution was itself inconsistent.  This alone might give the IJ pause.

At the very least, it would have justified the IJ's request for corroboration from Singh's brother, who supposedly resided in Italy at the time of Singh's hearing.  We have previously stated that "securing an affidavit from a close relative living in Western Europe should have been a relatively uncomplicated task that would not pose the type of particularized evidentiary burden that would excuse corroboration."  *Chebchoub*, 257 F.3d at 1044-45 (internal quotation marks omitted).  Singh provided no reason for his failure to provide such corroboration other than that he did not ask.  The IJ was not required to accept such an explanation.

Singh was entitled to and received a reasonable opportunity to explain the inconsistencies between his testimony and his asylum application.  *See Ordonez v. INS*, 345 F.3d 777, 786 (9th Cir. 2003).  The IJ was not required to ignore those inconsistencies merely because of Singh's unexplained assertion that he did not

3

feel well on the day of the hearing.

Because Singh failed to establish eligibility for asylum, he necessarily failed establish eligibility under the more stringent standard for withholding of removal. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Because Singh's testimony was discredited and he "points to no other evidence that he could claim the BIA should have considered in making its determination under the Convention Against Torture," he has failed to establish that he is eligible for CAT relief. *See id.* at 1157.

**PETITION DENIED**